UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.H.,<br><br>               Plaintiff,<br><br>      v.<br><br>NANCY A. BERRYHILL[1], Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.<br><br>               Defendant | No. CV 16-2615 (FFM)<br><br>**MEMORANDUM DECISION AND ORDER** |

      Plaintiff brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("SSA"), which denied her August 6, 2012 application for a period of disability and Disability Insurance benefits (the "Application") pursuant to Title II of the Social Security Act (the "Act"). (Administrative Record ("AR") 128-34.) The parties consented, pursuant

---

[1] The Court notes the parties' footnote in the Joint Stipulation regarding defendant and substitutes Nancy A. Berryhill for Acting Commissioner Carolyn W. Colvin.

to 28 U.S.C. § 636(c), to the jurisdiction of the United States Magistrate Judge. Pursuant to the Case Management Order filed on December 28, 2016, the parties filed a Joint Stipulation ("JS") detailing their respective arguments and authorities. (Dkt. 27.)

The Court has reviewed the parties' Joint Stipulation and the record in this matter. For the reasons discussed below, the decision of the Commissioner challenged in this action is reversed and the case is remanded for further proceedings.

## I.    PROCEDURAL HISTORY

Plaintiff, a 57 year-old woman with an eleventh grade education, protectively filed her Application on August 6, 2012, which the Administration denied initially and on reconsideration. (AR 29, 75-9, 81-6.) The matter was heard before an Administrative Law Judge ("ALJ") on March 30, 2015. (AR 25-53.) The ALJ issued a decision denying Plaintiff's claim on June 19, 2015. (AR 8-24.) In its decision, the ALJ determined Plaintiff had not engaged in substantial gainful activity since her disability onset date, January 1, 2011. (AR 13.) The ALJ further found that Plaintiff suffered the following impairments:

1. Severe degenerative joint disease of the bilateral hips;
2. Degenerative disc disease;
3. Degenerative joint disease of the cervical spine;
4. Degenerative disc disease of the lumbar spine;
5. Obesity;
6. Chronic Pain Syndrome;
7. Lumbar Radiculopathy; and,
8.   Cervical spine bone spurs.

(AR 13.) However, the ALJ ultimately determined Plaintiff's impairments do not meet one or more conditions in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 15.)

The ALJ determined that Plaintiff still had the residual functional capacity ("RFC") to perform light exertion work as defined in 20 C.F.R. 404.1567(b), and in so determining, articulated several exceptions. (AR 15-16.) In the decision, dated July 19, 2015, the ALJ found that although Plaintiff is not capable of performing past relevant work, she could perform the requirements of Cashier II, Information Clerk, and Ticket Seller and therefore is not disabled under the Act. (AR 21.)

The Appeals Council denied Plaintiff's request to review the ALJ's decision. Thus, it stands as the Commissioner's final decision.

## II.     STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free from legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001) (as amended). But if the court determines the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's

finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

In determining a claimant's credibility, the Court must engage a two-step process. *Lingenfelter v. Astrue*, 504 F.3d 1028 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 quoting *Bunnell v. Sullivan,* 947 F.2d 344 (9th Cir. 1991) (en banc). "Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of [her] symptoms only by offering specific, clear and convincing reasons for doing so.'" *Id.* "In making a credibility determination, the ALJ 'must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (citation omitted). "General findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted); see also *Orn v. Astrue*, 495 F.3d 625, 635 (9th Cir. 2007) ("The ALJ must cite the reasons why the claimant's testimony is unpersuasive.") (citation and quotation marks omitted).

/ / /

/ / /

## III. ISSUE IN DISPUTE

The sole issue in dispute is whether the ALJ properly considered Plaintiff's testimony.

## IV. DISCUSSION

Defendant contends that Plaintiff requests that the Court "interpret the objective medical evidence in a manner consistent with her subjective complaints." (JS 19.) The Court disagrees with this contention and, at any rate, would not be authorized to do so under 42 U.S.C. § 423(d)(5)(A) and 20 C.F.R. § 404.1529(a). Instead, the Court reviews the matter pursuant to its authority under 42 U.S.C. § 405(g), *Mayes*, and their progeny, set forth *supra,* to determine whether or not the ALJ's decision is supported by substantial evidence. *See Mayes,* 276 F.3d at 453.

The Court assesses the ALJ's determination of Plaintiff's credibility using the two-step analysis articulated in *Lingenfelter, supra.* The first question is whether Plaintiff has presented objective medical evidence of an underlying impairment which can "reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter,* 504 F.3d at 1036; *see also Bunnell v. Sullivan,* 947 F.2d 341, 344 (9th Cir. 1991) (en banc). The medical record evidences Plaintiff suffered mild cervical spondylosis, degenerative disc changes with dominant level present at C5-6, moderate facet disease at L4-5, mild left foraminal narrowing and recess stenosis at L5-S1. (AR 251-3.) Plaintiff further exhibited symptoms of spinal stenosis in the cervical region, displacement of cervical intervertebral disc without myelopathy, trace grade I degenerative anterolisthesis of C3 over C4, C4-5, and trace levoscoliosis of the cervical spine. (AR 251.)

In 2011, Plaintiff exhibited symptoms of dyspnea on exertion and "low functional capacity," hypertension, hyperlipidemia, and chronic pain syndrome.

(AR 224-5, 231.) In 2012, Plaintiff was noted to have such low oxygen saturation that she was admitted to the hospital by her doctor, Dr. Phillip Patel, during a follow-up visit. (AR 231-2.) During the same visit, Plaintiff was noted to be "ill-appearing." (AR 232.)

After examining Plaintiff in 2012, Dr. Rafal Sosnowski, D.O. and Dr. Rajendra Vazirani, M.D. concluded Plaintiff suffered from mild to borderline moderate central canal stenosis due to broad-based disc and osteophyte complex, mild right neural foraminal narrowing, potentially significant lateral recess stenosis in her lumbar spine, biforaminal narrowing in her lumbar spine, and mild left foraminal narrowing and lateral recess stenosis at L5-S1. (AR 250-3.) Dr. Donna Fletman, M.D., found that Plaintiff had mild dextroscoliosis centered on L4 and a 5mm anterolisthesis spondylolisthesis of L4 on L5. (AR 256.) Ultimately, Dr. Fletman diagnosed Plaintiff with cervical degenerative disc disease. (AR 257.) Dr. Robert MacArthur, M.D., also assessed that Plaintiff suffered degenerative disc disease C2 on C3, C3 on C4, C4 on C5 with osteophyte and degenerative disc disease of C5-6 and C6-7 with loss of lordosisi throughout, as well as lumbar spine with left L4-5 stenosis and L5 radiculopathy. (AR 266.)

In 2013, Plaintiff was assessed to have low back pain from multifactorial chronic etiologies with features of radiculopathy affecting the L4-5 nerve roots as well as facet-mediated pain, cervicalgia, and increased BMI. (AR 279.)

In 2014, Dr. Brett Wolff, M.D. assessed that Plaintiff had depression and anxiety, disorder of muscle, ligament, and chronic pain, myalgia/myositis, muscle spasms, impaired sleep, chronic fatigue, and limitations in range of motion of as much as 80%. (AR 330-4.) Dr. Wolff opined that Plaintiff could sit or stand/walk "less than 2 hours," that she could carry less than 10 pounds frequently, 10 and 20 pounds occasionally, and could never carry 50 pounds.

(AR 332-3.) He also concluded that, in addition to suffering psychological limitations that would "affect [her] ability to work at a regular job on a sustained basis[,]" Plaintiff could never twist, stoop (bend), crouch/squat, climb ladders, and/or climb stairs. (AR 333-4).

Plaintiff need not demonstrate that her impairment "could reasonably be expected to cause the severity of the symptom alleged. . . ." *Smolen v. Chater,* 80 F.3d 1273 (9th Cir. 1996). Rather, Plaintiff carries the lesser burden of proving only "that [her impairment(s)] could reasonably have caused some degree of the symptoms." *Id.* Here, Plaintiff meets this standard because the record contains adequate objective medical evidence demonstrating an impairment that could reasonably produce some degree of neck, lower back, and hip pain, as alleged by Plaintiff. (AR 16.) Indeed, the ALJ determined that Plaintiff's impairments were severe, even though the decision did not include the array of diagnoses gleaned from the record and set forth, *supra.* (AR 13.) Curiously, the balance of the ALJ's decision focuses on the impairments caused by Plaintiff's psychological diagnoses, not those regarding impairments originating in the spine[2]. (AR 14-5.) Nonetheless, the ALJ made a Residual Functional Capacity ("RFC") finding in light of Plaintiff's impairments. (AR 15-16.)

Thus, the Court next looks to the second step, and whether the ALJ's reasons for rejecting Plaintiff's testimony about the severity of her symptoms were specific, clear, and convincing. *See Lingenfelter,* 504 F.3d at 1036. For this analysis, the Court does not look to Plaintiff's testimony itself, but rather, at the ALJ's decision and the reasons articulated therein, to see if they meet the standard

---

[2] The ALJ only discusses Plaintiff's spinal diagnoses at page 7 of the decision, and only in the context of discounting Plaintiff's testimony. *See* discussion, *infra. See also* AR 16-17.

set forth in *Lingenfelter,* and by *Bunnell* before it. *See Bunnell,* 947 F.2d at 344. Here, the ALJ concluded Plaintiff's allegations "concerning the intensity, persistence, and limiting effects of his [sic] symptoms are less than fully credible." (AR 17.) The ALJ set forth two reasons why she discounted Plaintiff's testimony: (1) "The objective medical evidence does not corroborate the claimant's subjective allegations," and (2) the "claimant went on vacation since the alleged onset date." (*Id.*)

As to the ALJ's first point, that the objective medical evidence does not corroborate Plaintiff's allegations, the record appears to contain ample evidence which discusses diagnoses consistent with Plaintiff's allegations. Notably, the ALJ's decision does not even discuss Dr. Wolff's conclusions, which appear to be favorable to Plaintiff's position. *See* AR 330-4.

As to the ALJ's second point, that the claimant went on vacation, the Court is in agreement with Plaintiff's position that, in isolation, this reason constitutes improper grounds for discounting a claimant's testimony. JS 11. First, isolating the specific fact that Plaintiff went on one vacation does not independently qualify as substantial evidence adequate to support the ALJ's determination. *See Aukland*, 257 F.3d at 1035. Second, our Circuit has held that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations." *Garrison v. Colvin,* 759 F.3d 995, 1016 (9th Cir. 2014). The text of the decision makes clear that the ALJ did not view the record as a

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

8

whole, as should have been done[3]. *See Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir. 1998).

Accordingly, the ALJ's reasons for rejecting Plaintiff's testimony are not specific, clear, and convincing.

## V.    CONCLUSION

For the foregoing reasons, the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this decision.

**IT IS SO ORDERED.**

Dated: July 24, 2018                            /S/ Frederick F. Mumm
                                                           Frederick F. Mumm
                                         United States Magistrate Judge

---

[3] Defendant attempts to distinguish the facts in this case from the holdings in *Garrison* and *Reddick, supra,* and instead to analogize it to the facts in *Tommasetti v. Astrue,* 533 F.3d 1035 (9th Cir. 2008). The Court does not agree with this assessment.